MAINE SUPREME JUDICIAL COURT                                Reporter of Decisions
Decision:      2017 ME 26
Docket:        Fra-16-388
Submitted
  On Briefs:   January 19, 2017
Decided:       February 7, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

IN RE FOREST G.


PER CURIAM

[¶1]  The father of Forest G. appeals from a judgment of the District Court (Farmington, *Oram, J.*) terminating his parental rights to his child.  *See* 22 M.R.S. § 4055(1)(B)(2), (1-A)(A) (2016).  The father argues, for the first time on appeal, that the court violated his right to due process by applying a rebuttable presumption of parental unfitness and improperly placing the burden of proof on him.  *See id.* § 4055(1-A)(A).  We affirm the judgment.

[¶2]  In its termination order, the court explicitly stated that it found two grounds of parental unfitness based on clear and convincing evidence—namely, that the father "is unwilling or unable to protect [the child] from jeopardy within a time which is reasonably calculated to meet his needs, and that he is unwilling or unable to take responsibility for [the child] within a time which is reasonably calculated to meet his needs."  *See id.* § 4055(1)(B)(2)(b)(i), (ii).  After making those separate findings of unfitness,

2

the court also noted that a statutory rebuttable presumption of unfitness arose based on an "aggravating factor" consisting of conduct that the court, in a jeopardy order to which the father agreed, found was "heinous and abhorrent to society." *See id.* § 4055(1-A)(A).

[¶3]   For two reasons, we need not and do not reach the father's argument that, as applied in this case, the court's application of a rebuttable presumption of parental unfitness violated his right to due process. *Cf. In re Sarah T.*, 629 A.2d 53, 55 (Me. 1993) (concluding that a court's application of a rebuttable presumption of parental unfitness in a termination case did not violate a parent's right to due process or equal protection).   First, when certain predicate facts are proved, the express terms of section 4055(1-A)(A) authorize a court to presume only one of the two forms of parental unfitness that the court found here, namely, the parent's inability or unwillingness to protect the child from jeopardy.   Because the court also found an alternative form of parental unfitness, its reference to the statutory presumption does not draw into question its ultimate determination that the father's parental rights should be terminated. *See In re K.M.*, 2015 ME 79, ¶ 9, 118 A.3d 812 ("Where the court finds multiple bases for unfitness, we will affirm if any one of the alternative bases is supported by clear and convincing evidence." (quotation

marks omitted)); *Malenko v. Handrahan*, 2009 ME 96, ¶ 25, 979 A.2d 1269 ("As an appellate court, we seek to avoid answering important statutory and constitutional questions unless the answer is truly necessary to the resolution of the parties' dispute.").

[¶4] Second, the court's affirmative findings supporting its parental unfitness determination, which it set out in the judgment even before referring to the statutory presumption, are well supported by the evidence, to the clear and convincing standard of proof, as illustrated by the following:

- In 2009, the father pleaded guilty to one count of endangering the welfare of a different child (Class D), 17-A M.R.S. § 554(1)(C) (2009),[1] and agreed to a jeopardy order in this case in which the court found that the serious injuries that were the basis of the 2009 conviction—including injuries to that child's head "with intra-cranial hemorrhage"—were deliberately inflicted.

- During the pendency of these proceedings, the father denied that he had deliberately injured the child in the 2009 case despite a contrary medical opinion, instead explaining to a Department of Health and Human Services caseworker that he had been "young and irresponsible" and that the child had been injured when the father fell down the stairs after taking unprescribed Percocet.

- Although the father's initial visits with the child in this case went well, the visits were ultimately terminated after the father

---

[1] The statute provides that "[a] person is guilty of endangering the welfare of a child if that person . . . recklessly endangers the health, safety or welfare of a child under 16 years of age by violating a duty of care or protection." 17-A M.R.S. § 554(1)(C) (2009); *see* P.L. 2015, ch. 358, § 3 (effective Oct. 15, 2015) (codified at 17-A M.R.S. § 554 (2016)) (amending the statute though not in any way that affects this appeal).

4

threatened to leave with the child, prompting supervisors to contact law enforcement.

- The father initially prevented the Department from performing a scheduled hair follicle drug test by shaving his entire body, and when he eventually submitted to a number of subsequent tests they were positive for marijuana, and two tests in late fall 2015 were positive for opiates and morphine.

- The father was convicted of operating under the influence only one month before the termination hearing.

- Although the father did "preliminary work" with two mental health treatment providers, he did not provide them with "complete and accurate information" and failed to complete a psychological evaluation as required by his reunification plan.

- The father failed to consistently participate in mental health services provided by the Department and engaged in "bizarre, ineffective, irrational and nearly delusional actions"—as exemplified by his ongoing belief that the child was being abused in foster care despite the complete lack of evidence to support that allegation, and two incidents a few months before the termination hearing when his family members sought police assistance because they were concerned for the father's physical and psychological welfare.

These findings support the court's determination that the Department had established the father's parental unfitness and demonstrate, contrary to the father's contention on appeal, that the court did not impermissibly shift the burden of proof to him.

[¶5]  Additionally, although not challenged by the father on appeal, the court's finding that termination is in the child's best interest does not reflect

any error or abuse of discretion. *See* 22 M.R.S. § 4055(1)(B)(2)(a) (2016); *In re Cameron Z.*, 2016 ME 162, ¶ 16, --- A.3d ---.

The entry is:

Judgment affirmed.

---

Rory A. McNamara, Esq., Drake Law, LLC, Berwick, for appellant father

Janet T. Mills, Attorney General, and Meghan Szylvian, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Health and Human Services

Farmington District Court docket number PC-2014-08
FOR CLERK REFERENCE ONLY